IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY L. KORTH,<br>       Plaintiff | : <br> : <br> : | |
| vs. | : <br> : | CIVIL NO. 1:CV-15-2422 |
| JILL HOOVER, individually and in her official capacity; JOSEPH R. BAKER, individually and in his official capacity; and OLIVER TOWNSHIP,<br>       Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : | (Judge Caldwell) |

*M E M O R A N D U M*

I. *Introduction and Procedural History*

      Plaintiff, Gary L. Korth, filed this civil-rights action under 28 U.S.C. § 1983 against defendants, Oliver Township and two of its supervisors, Jill Hoover and Joseph Baker. The suit arises from an alleged assault on Plaintiff committed by a Township police officer, Mark Botts, now deceased. At the time of the alleged assault, Plaintiff was visiting the Township Municipal Building and making a complaint to Hoover about Botts. We are considering Defendants' motion to dismiss some of the claims in Plaintiff's second amended complaint.

      In his amended complaint, Plaintiff presented seven causes of action: (1) a Fourth Amendment excessive-force claim against Hoover and Baker; (2) a federal civil-rights supervisory-liability claim against Hoover and Baker for the injuries Botts inflicted by way of the deficient policies and practices they implemented; (3) a federal civil-rights

municipal-liability claim against the Township for the injuries Botts inflicted based on deficient policies, practices and customs; (4) a federal substantive due process claim against all three defendants for Botts' conduct; (5) a claim against all three defendants under the Pennsylvania Constitution, Art. I, § 8, the state counterpart to the Fourth Amendment; (6) a state-law claim against all the defendants for assault and battery;[1] and (7) a state-law claim against all defendants for negligence.

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants filed a motion to dismiss the amended complaint. In a memorandum detailing the pertinent allegations of the amended complaint, we ruled as follows, in pertinent part. The Fourth Amendment excessive-force claim could proceed against Hoover but not Baker based on Hoover's direct personal involvement with the assault. The federal civil-rights supervisory-liability claim against Hoover and Baker was dismissed because Plaintiff failed to allege sufficient facts showing they had implemented deficient policies or customs that caused Plaintiff's injuries. The federal civil-rights municipal-liability claim against the Township was dismissed because Plaintiff failed to allege sufficient facts showing it had implemented deficient policies, practices and customs that caused Plaintiff's injuries. The federal substantive due process claim was dismissed because Plaintiff's civil-rights claim was covered by the Fourth Amendment, not the Fourteenth Amendment. The Pennsylvania constitutional claim was allowed to proceed for injunctive relief but not damages. The

---

[1] Plaintiff makes this claim under 42 U.S.C. § 1983, but it is really a state-law claim. *Korth v. Hoover*, ___ F. Supp. 3d ___, ___ n.1, 2016 WL 3088147, at *9, n.1 (M.D. Pa. 2016).

state-law claim for assault and battery was allowed to proceed against Hoover but not against the Township or Baker. The state-law claim for negligence was dismissed based on a state-law grant of immunity. *See Korth v. Hoover*, ___ F. Supp. 3d ___, 2016 WL 3088147 (M.D. Pa. 2016).

We granted Plaintiff an opportunity to file a second amended complaint setting forth sufficient facts to support his federal supervisory-liability and municipal-liability claims. Plaintiff filed a second amended complaint. In that pleading, Plaintiff sets forth five causes of action. In Count 1, he makes a Fourth Amendment claim against Hoover and Oliver Township for Botts' use of excessive force. In Count 2, he makes a supervisory-liability claim against Hoover and Baker. In Count 3, he makes a municipal-liability claim against Oliver Township. In Count 4, he makes a Pennsylvania constitutional claim against all three defendants for injunctive relief. In Count 5, he makes a claim for assault and battery against Hoover.

II.  *Standard of Review*

A complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955 at 1974. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

1949, 173 L.Ed.2d 868 (2009)(quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.,* 127 S.Ct. at 1965 (quoted case omitted).

III. *Discussion*

The second amended complaint is materially the same as the amended complaint, so we will not detail the allegations of the current pleading here as we have essentially already done so in the memorandum dealing with Defendants' motion to dismiss the amended complaint. *Korth v. Hoover*, ___ F. Supp. 3d ___, 2016 WL 3088147 (M.D. Pa. 2016).

Defendants move to dismiss Count 1 as against Oliver Township. Count I is identical to Count I of the amended complaint except that Plaintiff has substituted the Township for Baker. Defendants observe that we permitted this claim to proceed as against Hoover because it alleged that, as the person in charge and present at the time, she knew of and acquiesced in Bott's assault, and therefore had personal involvement in the alleged wrongdoing. *Korth*, *supra*, 2016 WL 3088147, at *6. Defendants argue that, since this is a claim alleging direct personal involvement, this theory of liability does not work against the Township, which can only be liable if Plaintiff alleges that it had a policy or custom that caused Plaintiff's injury. *Id.*, 2016 WL 3088147, at *8.

In opposition, Plaintiff contends that he is in fact basing the Township's liability on a policy or custom it established. We accept this point, but still find Plaintiff's

-4-

argument meritless because, as decided below, given that this is Plaintiff's theory of liability against the Township, he has not sufficiently pled that the Township had a policy or custom that caused his injuries.

Defendants have moved to dismiss Count 2, the supervisory-liability claim against Hoover and Baker, and Count 3, the municipal-liability claim against Oliver Township. Defendants make the same argument against both claims, that Plaintiff has failed to sufficiently allege the policy or custom that caused his injuries. Like a municipality, supervisory officials can be liable on a civil-rights claim if they established a policy or custom that caused the plaintiff's injuries. *Id.*, 2016 WL 3088147, at *7. Defendants maintain that even though Plaintiff filed an amended pleading, he still relies on the same allegations regarding custom and policy that we found deficient in the amended complaint.

In opposition, Plaintiff argues that he has sufficiently pled policy or custom by way of Botts' "history of outrageous and egregious misconduct," Doc. 22, ECF p. 13, that the Township ignored in hiring Botts or in failing to investigate after Plaintiff informed them of this behavior.

We agree with Defendants that Plaintiff is simply relying on the allegations of policy and custom that we found deficient when examining the amended complaint. The

only thing Plaintiff has done is make minor changes in some paragraphs, compare Am. Compl. ¶ 75 with Second Am. Compl. ¶ 75, without making any substantive changes.[2]

We also agree with Defendants as to why these allegations are deficient.  In pertinent part, they are based on Botts' alleged past behavior in regard to: (1) Bott's engagement in sexual harassment of Plaintiff's daughter-in-law; (2) Botts' resignation from another police department because of "sexual encounters" with two women; (2) Botts' moonlighting at a strip club and openly engaging in lewd conduct; (3) the Township's favoring of Botts because he arranged for the strip club to purchase and fund "donations" to the Township through a so-called "anonymous" source; and (4) the donation was anonymous to prevent the public disclosure of the source of the funds. (Second Am. Compl. ¶ 22).

Plaintiff is seeking to hold the Township and the defendant supervisors liable for excessive force Botts used against him.  None of these allegations deal with excessive force and not with excessive force occurring in the context of a citizen's conversation at the Township municipal building with a Township supervisor.  We advised Plaintiff when granting him leave to amend that the previous conduct had to be similar to the conduct that caused his injuries.  *Korth*, *supra*, 2016 WL at *8.

Plaintiff asserts that Botts would not have been hired if the Township had conducted a screening that would have revealed his prior misconduct.  That might be

---

[2] Plaintiff does cite 53 Pa. Cons. Stat. Ann . § 2164 in paragraph 75(b) of his second amended complaint, but does not say how this statutory section is relevant to the analysis we must make.

true, but to establish civil-rights liability for a municipality or supervisory officials for failure to screen an employee the plaintiff "must demonstrate" that the "decision reflect[ed] deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision."  *Board of Cnty. Commissioners v. Brown*, 520 U.S. 397, 411, 117 S.Ct. 1382, 1392, 137 L.Ed.2d 626 (1997).  Here, Plaintiff's allegations are not sufficient to show deliberate indifference to the risk that Botts would use excessive force.

We will therefore grant Defendants' motion to dismiss Count 1 as against the Township and to dismiss Counts 2 and 3.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 3, 2016