IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GARY L. KORTH,
    Plaintiff

vs.     :    CIVIL NO. 1:CV-15-2422

JILL HOOVER, individually and in her     (Judge Caldwell)
official capacity; JOSEPH R. BAKER,
individually and in his official capacity;
and OLIVER TOWNSHIP,
    Defendants

*M E M O R A N D U M*

I. *Introduction*

    Plaintiff, Gary L. Korth, filed this civil-rights action under 42 U.S.C. § 1983 accompanied by state-law claims. The suit arises from an alleged assault on Plaintiff committed by a police officer, Mark Botts, now deceased, employed by Oliver Township. The defendants are the Township and two of its supervisors, Jill Hoover and Joseph Baker. At the time of the alleged assault, Plaintiff was visiting the Township Municipal Building and making a complaint to Hoover about Botts.

    We are considering Defendants' "motion for a protective order and/or order clarifying remaining claims." The motion requests that we "strik[e] any remaining claims for injunctive relief" and that we dismiss Oliver Township and Joseph Baker from the action. The request to strike the claims for injunctive relief is essentially directed at Count 4 of the second amended complaint. That count seeks unspecified injunctive relief

against the three defendants under the Pennsylvania Constitution, Art. I, § 8, the state counterpart to the Fourth Amendment.

II. *Procedural History*

Plaintiff filed this action in state court, and it was removed here by Defendants. In response to a motion to dismiss the original complaint, Plaintiff filed an amended complaint. In the amended complaint, Plaintiff presented seven causes of action: (1) a Fourth Amendment excessive-force claim against Hoover and Baker; (2) a federal civil-rights supervisory-liability claim against Hoover and Baker for the injuries Botts inflicted by way of the deficient policies and practices they implemented; (3) a federal civil-rights municipal-liability claim against the Township for the injuries Botts inflicted based on deficient policies, practices, and customs; (4) a federal substantive due process claim against all three defendants for Botts' conduct; (5) a claim against all three defendants under the Pennsylvania Constitution, Art. I, § 8, the state counterpart to the Fourth Amendment; (6) a state-law claim against all the defendants for assault and battery; and (7) a state-law claim against all defendants for negligence.

Defendants filed a motion to dismiss the amended complaint. In a memorandum detailing the pertinent allegations of the amended complaint, we ruled as follows, in relevant part. The Fourth Amendment excessive-force claim could proceed against Hoover but not against Baker, based on Hoover's direct personal involvement with the assault. The federal civil-rights supervisory-liability claim against Hoover and Baker was dismissed because Plaintiff failed to allege sufficient facts showing they had

-2-

implemented deficient policies or customs that caused Plaintiff's injuries. The federal civil-rights municipal-liability claim against the Township was dismissed because Plaintiff failed to allege sufficient facts showing it had implemented deficient policies, practices, and customs that caused Plaintiff's injuries. The federal substantive due process claim was dismissed because Plaintiff's civil-rights claim was covered by the Fourth Amendment, not the Fourteenth Amendment. The Pennsylvania constitutional claim was allowed to proceed for injunctive relief but not damages. The state-law claim for assault and battery was allowed to proceed against Hoover but not against the Township or Baker. The state-law claim for negligence was dismissed based on a state-law grant of immunity. *See Korth v. Hoover*, 190 F. Supp. 3d 394 (M.D. Pa. 2016).

In regard to the state constitutional claim for injunctive relief, which was set forth in Count 5 of the amended complaint, Defendants had argued in part that Plaintiff was not entitled to injunctive relief because he only alleged past exposure to illegal conduct, and such exposure did not present a case or controversy for injunctive relief. They cited *City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983). (Doc. 11, ECF p. 28, Defs.' Br. in Supp.). We did not dismiss this claim at that time because we were permitting Plaintiff to amend the claims concerning federal supervisory liability and municipal liability, and we thought amendment might answer Defendants' objection. *Korth*, 190 F. Supp. 3d at 410-11.

Plaintiff filed a second amended complaint. In that pleading, Plaintiff set forth five causes of action. In Count 1, he made a Fourth Amendment claim against Hoover

and Oliver Township for Botts' use of excessive force. In Count 2, he made a supervisory-liability claim against Hoover and Baker. In Count 3, he made a municipal-liability claim against Oliver Township. In Count 4, a repeat of the amended complaint's Count 5, he made a claim under the Pennsylvania Constitution, Art. I, § 8, against all three defendants for unspecified injunctive relief. In Count 5, he made a claim for assault and battery against Hoover.

Defendants filed a motion to dismiss, which sought dismissal of Count 1 as against the Township, and dismissal of Counts 2 and 3. They argued that Plaintiff had once again failed to adequately allege supervisory or municipal liability based on policy or custom. They did not move to dismiss Counts 4 or 5. We granted the motion on October 3, 2016. *Korth v. Hoover*, 2016 WL 5719834, at *3 (M.D. Pa.).

As a result, the remaining claims are: (1) Count 1 against Hoover for her direct personal involvement in the assault by Botts; (2) Count 4, a claim under the Pennsylvania Constitution, Art. I, § 8, against all three defendants for unspecified injunctive relief; and (3) Count 5, a state-law claim for assault and battery against Hoover. Defendants filed an answer to the second amended complaint on October 24, 2016.

In the instant motion, Defendants argue that, although our October 3, 2016, memorandum did "not specifically address Count 4," Count 4 is now moot in light of our ruling that Plaintiff has failed to sufficiently allege any policies or customs that would support municipal or supervisory liability. In the absence of such allegations, Defendants reason that a claim for injunctive relief is moot as there are no unconstitutional policies or

customs that need to be enjoined.  They thus argue for a "clarification" that Count 4 is moot and a "formal" dismissal of Count 4, along with Baker and the Township from the lawsuit.  Defendants note that they raised the issue in the joint case management plan (Doc. 28, p. 4) and also at the case management conference.  (Doc. 34, Br. in Support at ECF pp. 6-7).

As further support for their motion, they argue that Hoover's deposition is upcoming and Plaintiff may attempt to depose her about customs and policies on the ground that such discovery is relevant to the claim for injunctive relief.  An order clarifying the remaining claims and parties would thus limit discovery issues at her deposition.

Defendants also argue that, with no allegations about customs or policies, injunctive relief would not be appropriate because there is no danger of future violations, citing *Samoles v. Lacey Twp.*, No. 12-CV-3066, 2014 WL 2602251, at *15 (D.N.J. Jun. 11, 2014)(injunctive relief not appropriate when the record showed that the plaintiff was not "substantially likely to suffer an excessive use of force injury under similar circumstances in the future"), and *Spencer v. DeLuca*, No. 10-CV-65, 2010 WL 2076912, at *1 (W.D. Pa. May 21, 2010)(dismissing a claim for equitable relief when the plaintiff failed to allege "facts suggesting that it is likely that plaintiff will in the future be again stopped by defendants, much less that it will be for reasons prohibited by the constitution").

In opposition, Plaintiff has made a number of arguments.  The pertinent ones are as follows.  First, the October 3, 2016, memorandum already addressed Defendants'

argument concerning Count 4, and Count 4 was not dismissed. Second, the motion is an attempt to revisit the motion to dismiss and the court declined to dismiss Count 4. Third, there is no need for clarification as Count 4 was not dismissed. Fourth, the motion is an attempt to seek reconsideration of the motion to dismiss, but a motion for reconsideration will only be granted if there is manifest injustice, and there is no manifest injustice here. Fifth, *Samoles* is distinguishable because that case was decided on summary judgment and here discovery is not complete, with Defendants' motion actually being an attempt to prevent discovery. Sixth, discovery concerning supervisory and municipal liability is relevant to the remaining section 1983 claim and the state-law claim against the supervisors (which we take to mean Count 4).

We agree with Plaintiff that Defendants' motion cannot succeed as a motion for clarification. "'The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend.'" *Montgomery Cnty. v. Microvote Corp.*, 2000 WL 341566, at *1 (E.D. Pa.)(quoted case omitted). There was nothing ambiguous or vague about our decision on the motion to dismiss the second amended complaint. There is no clarification required as to the status of Count 4. Defendants did not move to dismiss Count 4, and so it remained in the case. In this regard, Plaintiff incorrectly asserts that Defendants moved to dismiss the count.

We agree with Plaintiff that the motion is an attempt to revisit the motion to dismiss in the sense that it is an attempt to raise an argument that should have been

made in that motion.¹  It can therefore be considered a second motion to dismiss, or even a third one, if the motion to dismiss the original complaint is counted.²  Viewed in this way, it violates Fed. R. Civ. P. 12(g)(2), which generally prohibits the filing of a second Rule 12 motion "raising a defense or objection that was available to the party but omitted from its earlier motion."  However, Rule 12(g)(2) makes an exception for the circumstances described in Rule 12(h)(2) or (3).  Rule 12(h)(2)(B) permits raising the defense of failure to state a claim upon which relief can be granted in a motion under Rule 12(c), a motion for judgment on the pleadings.  Defendants can therefore raise their argument against Count 4, that the count fails to state a claim for injunctive relief, in a motion for judgment on the pleadings, even though it was not raised in their motion to dismiss.  *See Oliver v. Roquet*, ___ F.3d ___, ___, n.3, 2017 WL 2260961, at *4 n.3 (3d Cir. 2017)("a defense omitted from an earlier motion may nonetheless be raised in a motion for judgment on the pleadings").

      The motion is substantively a motion for judgment on the pleadings.  It was filed after Defendants filed their answer and will not delay trial as discovery is still open.  *See* Fed. R. Civ. P. 12(c)("After the pleadings are closed — but early enough not to delay

---

¹ It is not, however, as Plaintiff argues, a motion for reconsideration.  Defendants did not move to dismiss Count 4 in the motion to dismiss so there is nothing to reconsider.

² We observe, however, that the argument *was* made in the motion to dismiss the original complaint, not omitted from that motion.  As noted, no definitive ruling was made because we had given Plaintiff a chance to amend his pleading.

-7-

trial — a party may move for judgment on the pleadings.").³ We will therefore treat the instant motion as one for judgment on the pleadings.

Since the motion argues that Count 4 fails to state a claim, we review it under the standard used for motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Turbe v. Gov't of Virgin Islands,* 938 F.2d 427, 428 (3d Cir. 1991); *Bangura v. City of Philadelphia,* 338 F. App'x 261, 264 (3d Cir. 2009)(nonprecedential). Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009)(quoting *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008)).

Defendants argue that Count 4 fails to state claim for injunctive relief because, as we ruled in connection with the motion to dismiss the second amended complaint, there are insufficient allegations about customs or policies. In the absence of such allegations, injunctive relief is not appropriate because there is no danger of future violations.

We agree with Defendants that any claim for injunctive relief fails here. The second amended complaint fails to allege a sufficient likelihood that Plaintiff will be subjected in the future to a similar wrong, assault by a police officer, especially since the pleading focuses on various acts of misconduct by Mark Botts, now deceased. *Lyons*, 461 U.S. at 111, 103 S.Ct. 1670 ("The equitable remedy is unavailable absent a showing

---

³ The discovery deadline is July 31, 2017, and trial is scheduled for October 2017.

-8-

of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again").  That Plaintiff also failed to sufficiently allege customs or policies that would lead to municipal or supervisory liability, as Defendants point out, also supports dismissal of Count 4.  *Id.* at 104, 103 S.Ct. at 1666 (observing that there was no basis for equitable relief in *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976), when plaintiffs showed at trial in that case only "a relatively few instances of violations by individual police officers, without any showing of a deliberate policy on behalf of the named defendants").  *See also Samoles, supra,* 2014 WL 2602251, at *15 (injunctive relief not appropriate when the record showed that the plaintiff was not "substantially likely to suffer an excessive use of force injury under similar circumstances in the future"), and *Spencer, supra,* 2010 WL 2076912, at *1 (dismissing a claim for equitable relief when the plaintiff failed to allege "facts suggesting that it is likely that plaintiff will in the future be again stopped by defendants, much less that it will be for reasons prohibited by the constitution").

Plaintiff objects that discovery concerning supervisory and municipal liability is relevant to the remaining section 1983 (apparently the claim against Hoover for excessive force) and the state-law claim against the supervisors (apparently Count 4).  We disagree.  Discovery is only appropriate if Plaintiff has adequately pled his claim in regard to custom or policy.  Plaintiff failed to do so.  Further, the claim against Hoover is based on her personal involvement in the alleged assault by Botts, so the claim against her does not involve custom or policy.

We will therefore dismiss Count 4 of the second amended complaint and dismiss from this action the Township and Joseph Baker as the only claim left against them was Count 4.[4]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 20, 2017

---

[4] We treat Defendants' motion as one for judgment on the pleadings. However, it could also be considered a motion for reconsideration, although Defendants specifically reject the idea that their motion should be construed as such. If it were construed as a motion for reconsideration, it would be for the June 2, 2016, order dealing with the motion to dismiss the amended complaint, when the motion to dismiss the state constitutional claim was denied, but only because there was the possibility that the second amended complaint would cure the defect.

The June 2, 2016, order was interlocutory because further proceedings were contemplated in this court. A court may revise an interlocutory order "when consonant with justice to do so." *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *In re Anthanassious*, 418 F. App'x 91, 95 (3d Cir. 2011) (nonprecedential) (quoting *Jerry*). It would be consonant with justice to grant the motion as Plaintiff fails to allege a valid claim for injunctive relief.